IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JOSHUA EVERETT DUVALL** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| **COBB COUNTY, GEORGIA** | ) | |
| **DANIEL J. MANGOLD** | ) | |
| **ANTHONY K. RASHAD** | ) | |
| **JOHN L. MOORE** | ) | |
| **R. L. NALLS** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now JOSHUA EVERETT DUVALL, through undersigned counsel, and submits this Complaint and Demand for Jury Trial, showing the Court as follows:

### INTRODUCTION

1

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 and UNITED STATES CONST., AMENDS. IV, XIV, for damages caused by Cobb County Police officers' use of excessive force against him prior to and

during his arrest in Marietta, Cobb County, Georgia.

## PARTIES and JURISDICTION

2

Plaintiff JOSHUA EVERETT DUVALL is a natural person and a resident of Stockbridge, Georgia.

3

Defendant COBB COUNTY is a unit of government within the State of Georgia that has established and maintains a police department and that bears responsibility for training and directing officers. Its Board of Commissioners may be served at 100 Cherokee Street, Marietta, GA 30090. Defendants MANGOLD, RASHAD, MOORE, AND NALLS are Cobb County Police Officers who may be served at 140 North Marietta Parkway, Marietta, Georgia 30060.

4

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

5

Plaintiff, then age 30, was present at the Masters Inn Motel, 2682 Windy Hill Road SE, Marietta, GA, when the occupant of a room there made a 911 call. The caller, a friend of Plaintiff's, requested only medical assistance for Plaintiff, who was acting strangely.

6

Responding, Defendants MANGOLD and RASHAD stood on the second-floor breezeway outside the caller's motel room and ordered Plaintiff, who was inside, to come out and speak with them. Finally by their conduct, including the threatened use of force, the armed officers succeeded in securing Plaintiff's unconsenting exit from the room, at which time one or both of the officers grabbed him.

7

In a resulting, immediate struggle with Plaintiff, Defendant RASHAD fired his Conductive Electrical Weapons ("CEWs" or "tasers"), striking Plaintiff.

8

Numerous other officers, armed and wearing protective clothing, arrived on the scene, including Defendant MOORE.  Despite the presence of these officers, who could collectively have immobilized Plaintiff and neutralized any threat he might have posed, Defendant RASHAD then shot Plaintiff in the abdomen with a firearm.

9

Subsequent to the infliction of the gunshot wound, Defendant MOORE also deployed his CEW, striking Plaintiff multiple times.

10

Plaintiff proceeded around the corner, still on the second floor breezeway, where he was subdued.  During and after he was in custody and posing no threat that would justify the use of such force , officers including Defendant NALLS continued to fire CEWs, striking Plaintiff's person and causing injury.

11

Plaintiff's gunshot wound, alone and in combination with the impact of the officers' multiple CEW deployments and other instances of excessive

force, caused him substantial physical injury and emotional harm, as well as pecuniary harm.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Mangold and Rashad)

12

On and about May 17, 2015, Defendants MANGOLD and RASHAD were acting under color of state law.

13

These Defendants' conduct in seizing Plaintiff in the breezeway, despite the absence of a sufficient predicate for their threats and use of force, was unreasonable and excessive.

14

Defendants' conduct violated Plaintiff's right to be free from an unreasonable seizure pursuant to the Fourth and Fourteenth Amendments, causing him physical and mental injury as well as pain, suffering, and pecuniary harm.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Rashad)

15

On and about May 17, 2015, Defendant RASHAD was acting under color of state law.

16

Defendant RASHAD's conduct in shooting Plaintiff with a firearm was without sufficient cause, was unreasonable, and constituted excessive force.

17

The shooting violated Plaintiff's right to be free from an unreasonable seizure pursuant to the Fourth and Fourteenth Amendments, resulting in physical and mental injury to Plaintiff as well as pain, suffering, and pecuniary harm.

## THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Defendants Moore and Nalls)

18

On and about May 17, 2015, the Defendants MOORE and NALLS were acting under color of state law.

19

These Defendants' use of force against Plaintiff, occurring after the initial struggle with Mangold and Rashad and the shooting by Rashad, was unreasonable and excessive.  This conduct includes the use of multiple, unnecessary CEW deployments after Plaintiff could not reasonably be considered to have posed a threat to others.

20

Defendants' conduct violated Plaintiff's right to be free from an unreasonable seizure pursuant to the Fourth and Fourteenth Amendments, resulting in physical and mental injury to Plaintiff as well as pain, suffering, and pecuniary harm.

## FOURTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Defendant Cobb County)

21

At all times relevant to this Complaint, Defendant COBB COUNTY was acting under color of state law in the management and supervision of its Police Department and the Department's officers.

22

COBB COUNTY permits and fosters a custom and practice of allowing officers to use force greater than is reasonably necessary to confront or resolve the risk that subjects present to officers or others.

23

The custom and practice just described is a proximate cause of Plaintiff's physical and mental injuries and other consequent harms.  It resulted in a violation of Plaintiff's right to be free from unreasonable seizure pursuant to the Fourth and Fourteenth Amendments.

## FIFTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Defendant Cobb County)

24

At all times relevant to this Complaint, Defendant COBB COUNTY was acting under color of state law in the training of its Police Department and the Department's officers.

25

COBB COUNTY trains its police officers with deliberate indifference to the right of persons within its jurisdiction to be free from unreasonable searches and seizures.

26

COBB COUNTY's failure properly to train its police officers is a proximate cause of Plaintiff's physical and mental injuries and other consequent harms, all of which arose from the violation of his right to be free from unreasonable seizure, as guaranteed by the Fourth and Fourteenth Amendments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. That a jury trial be had on the allegations in this Complaint;

2. That compensatory damages be awarded in the amount of $500,000;

3. That the Court grant such other and further relief as it may deem just and proper.

Respectfully submitted this 17th day of May, 2017.

/s/ Stephen R. Scarborough
STEPHEN R. SCARBOROUGH
Georgia Bar No. 628351
Attorney for Plaintiff

**STEPHEN R. SCARBOROUGH, P.C.**
100 Peachtree Street NW, Suite 2095
Atlanta, GA 30303
404.825.2275
404.921.9683 fax
srsdefender@gmail.com